IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| FREDERICK KNOTTS, #927436 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-600 |
| § | |
| DR. VICTORIA, ET AL. § | |

## REPORT AND RECOMMENDATION

Plaintiff Frederick Knotts, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging claims of deliberate indifference to his serious medical needs. He has paid the full filing fee. Having reviewed Plaintiff's complaint and answers to interrogatories, this Court makes the following recommendation to the District Court.

28 U.S.C. § 1915A of the Prison Litigation Reform Act of 1996 directs the Court to conduct an initial review of a civil action by a prisoner seeking relief from a governmental entity or employee, in order to identify cognizable claims or dismiss the complaint if satisfied that it is frivolous or malicious. 28 U.S.C. 1915A(b)(1). This requirement applies to **all** prisoner litigants, whether they are proceeding *in forma pauperis*, or not. A claim may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may, if feasible, be made prior to docketing; therefore, such claims are dismissible *sua sponte* prior to service even though Plaintiff pays the appropriate fee, under Section 1915A.

Plaintiff suffers from insomnia. On September 12, 2001 and July 2, 2002, he was referred to the sleep/pulmonary clinic at the University of Texas Medical Branch at Galveston, where it was

1

allegedly determined that he suffered from a "severe sleep disorder" or "obstructive sleep apnea," which "is however trial basis." Plaintiff was issued an "apnea machine" to help him sleep but asserts that the machine did not relieve his insomnia. On August 17, 2005, Plaintiff was examined at the Darrington unit by Dr. Victoria, who issued a P.M. shower pass for Plaintiff in an effort to accommodate his daily schedule as associated with his insomnia.

Plaintiff alleges that Defendants at the Darrington unit have been deliberately indifferent to his serious medical need of sleep deprivation because they failed to "adequately diagnose" and cure his insomnia. As a result, Plaintiff has allegedly suffered "blood deficiency of needed 'iron' which has resulted in urinary tract infection...borderline heart condition, fluctuating blood pressure, post-traumatic stress disorder...and fatigue." In his grievances regarding his sleep problems, Plaintiff states that he is medically unassigned, was issued a P.M. shower pass and does not want sleep medication. Instead, he wants a second panel of sleep experts to evaluate the sleep studies that were performed on him in 2001 and 2002, to determine a more viable treatment plan; or, he wants another battery of sleep tests performed. Responses to his grievances indicate that Plaintiff submitted sick call requests and was seen in the infirmary in July and August, 2005, for his complaints, and that he had failed to attempt informal resolution of his medical concerns with the medical staff. In his Answers to Interrogatories, Plaintiff states that he has sued Dr. Victoria and hospital administrator Josephine Sessions because they have refused to refer him to UTMB pulmonary sleep clinic for re-evaluation. He states that he sued nurse Bassey because she told him that there was no medication available in the infirmary for insomnia.

In order to prevail on a claim of inadequate medical care under the Eighth Amendment and 42 U.S.C. § 1983, a Plaintiff must establish deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir.

1989).  Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind.  *Estelle,* 429 U.S. at 105-06.  Where there is undisputed evidence of sick calls, examinations, diagnoses and treatment, a claim of deliberate indifference can be negated even if the treatment proves ultimately to be unsuccessful.  *Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1989).

After reviewing the facts of this case, this Court can discern no instance in which any Defendant was deliberately indifferent to his serious medical needs.  After participating in two sleep studies, he was issued a machine designed to treat insomnia, and it did not help him.  He was also given a P.M. shower pass and was medically unassigned from work detail.  Plaintiff states that he does not want medication, but feels that there is some ethereal free-world treatment that is being refused or denied him.  He has offered no fact, however, to support his supposition.  Plaintiff simply disagrees with his physician's decisions regarding his medical treatment; however, a disagreement regarding medical treatment between an inmate and his physician does not constitute an actionable civil rights claim;  *Estelle*, 429 U.S. at 107-108; *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); nor  is medical malpractice, negligence or neglect sufficient to state a claim under 42 U.S.C. §1983.  *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)(quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)).  As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional right, even though the prisoner may disagree with the course of treatment.  *Youngberg v. Romeo,*  457 U.S. 307, 322-23 (1982); *Estelle*, 429 U.S. at 107-08.  Plaintiff's Eighth Amendment claim of deliberate indifference to serious medical needs is without merit.

Plaintiff has also sued Josephine Sessions because she is the hospital administrator for the Darrington unit.  He has offered no fact, however, to suggest that he had any contact with her, and

3

thus sues her in her supervisory capacity only. A supervisory official may be held liable only when she is either personally involved in the acts causing the deprivation of an inmate's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Plaintiff has alleged no fact demonstrating personal involvement by Defendant Sessions and has alleged no fact showing any causal connection between her acts and/or omissions and an alleged constitutional violation. His allegations against Defendant Sessions are frivolous.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that this action be **DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties. The Parties **SHALL** have until **March 24 , 2006,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.</u> Any Objections filed **SHALL** be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____7th_____ day of March, 2006.

John R. Froeschner
United States Magistrate Judge